# UNITED STATES DISTRICT COURT
for the

Eastern District of Kentucky

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| WILLIAM A. BENETT aka WILLIAM A. BENNETT | )  Case No.   2:22-cr-56-DLB-CJS-2 |
| | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

❑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❑ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

❑ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

❑ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

❑ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

❑ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

❑ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

❑ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

❑ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

❑ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

❑ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❏ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❏ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❏ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ❏ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❏ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ❏ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❏ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

    ❏ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*  **Part III completed in the alternative**

    **OR**

    ❏ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❏ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong
    ❏ Subject to lengthy period of incarceration if convicted
    ☑ Prior criminal history
    ☑ Participation in criminal activity while on probation, parole, or supervision
    ☑ History of violence or use of weapons
    ❏ History of alcohol or substance abuse
    ☑ Lack of stable employment
    ❏ Lack of stable residence
    ❏ Lack of financially responsible sureties

☑ Lack of significant community or family ties to this district
❏ Significant family or other ties outside the United States
❏ Lack of legal status in the United States
❏ Subject to removal or deportation after serving any period of incarceration
☑ Prior failure to appear in court as ordered
❏ Prior attempt(s) to evade law enforcement
❏ Use of alias(es) or false documents
❏ Background information unknown or unverified
☑ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

As explained in open court at the conclusion of the detention hearing, the United States has satisfied its burden of presenting to the Court clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and/or the community at large.  Benett is charged with interference with commerce by robbery, a violent offense.  The Government explained that the nature and circumstances of the charge involve Benett and the codefendant traveling to Northern Kentucky from Louisville and robbing a photography store.  A firearm was brandished in the course of the robbery and force was used, the victim sustaining injuries to her head and arm (the victim was also present at this hearing and presented a statement).  The U.S. further explained that the evidence identifying Benett as one of the individuals involved in the robbery is strong.  The Government used digital tracking information to pinpoint that an electronic device belonging to Benett was at the location of the robbery and a law enforcement cruiser camera also recorded defendants leaving the area in the time period after the robbery.  Defendant's criminal history is also a pro-detention factor.  As a young adult, he was charged with 2nd degree robbery and convicted of theft by unlawful taking as well as trafficking in a controlled substance. In 2009 he was convicted of dealing in cocaine in Indiana and sentenced to 15 years in prison. He began probation in 2012 but had multiple probation violations before finishing his sentence in 2016.  Some of those violations involved multiple instances of Bennet operating a motor vehicle under the influence with aggravating circumstances, being charged in Louisville, Shelbyville, and Indiana. With his sentences for these offenses he had multiple failures to appear. These occurred both before and after the robbery charged in the federal indictment, and Bennet was on conditional discharge in at least two cases at the time of the subject robbery. Ten months prior to the subject robbery, Bennet was charged in Indiana with battery resulting in bodily injury, with the alleged victim being his sister.  He failed to appear in court on that charge and the U.S. pointed out he was therefore a fugitive in that case when the subject robbery occurred. Bennet later pleaded guilty to that battery and was released from probation in February 2022. Finally, in January 2022 Bennet (passenger) and the codefendant (driver) were stopped by law enforcement in Perry County, Bennet was arrested on outstanding warrants and probable cause search of the vehicle revealed a firearm under Bennet's seat. The U.S. informed that while the state charge of possession of a handgun by a convicted felon was dismissed, that is because the circumstance is being investigated by the London U.S. Attorney's Office.  In addition to the nature and circumstances of the robbery charge that is the subject of this case, Defendant's criminal history demonstrates ongoing criminal behaviors marked by a failure of criminal sentences to deter such conduct or Defendant's compliance with pretrial and post-conviction conditions and court orders. Therefore, there are no conditions that could sufficiently mitigate the risk of danger and allow Bennet to be released.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Signed By:

*Candace J. Smith*

United States Magistrate Judge

Date:   October 11, 2022