# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# COVINGTON

CRIMINAL NO. 22-56-DLB

UNITED STATES OF AMERICA                          PLAINTIFF

V.            **SENTENCING MEMORANDUM**

TYSON LEE GHOLSON                             DEFENDANT

\* \* \* \* \*

The Defendant organized and led a violent robbery. He brandished a firearm during the offense and seriously injured the owner of the store. His criminal history includes numerous crimes of violence and violations of conditional release. His actions and personal characteristics support a total sentence of 199 months in prison and five years of supervised release. The United States also asks the Court to Order restitution to the victim in the amount of $98,687.94 for losses that were not covered by insurance.

## I. Summary of offense:

On May 22, 2019, Adrian Banks, William A. Bennett, Jr., and the Defendant traveled to Northern Kentucky from Louisville. They stopped and removed the license plate from the car they were using to avoid detection. Afterwards, they drove to K & R Photographics in Kenton County and entered wearing masks, gloves, and carrying bags. While inside, they confronted the owner and stole numerous cameras and other equipment from the store through the use and threat of force against the owner. They

broke display cases and damaged equipment.  The group broke off the robbery when they observed a customer approaching the store.  The three fled the store with the stolen items and returned to Louisville together.

The Defendant was armed with a handgun and brandished it at the owner during the robbery.  He also used physical force against the owner during the robbery, causing injuries to her elbow and shoulder that subsequently required surgery.  All three participants took thousands of dollars of cameras and equipment from the store during the robbery, but they also left a plastic bag behind.  Police recovered the bag, which contained Banks' and the Defendant's fingerprints.

Banks subsequently admitted to participating in the robbery and identified the other participants.  He explained that Gholson approached him about robbing a camera store and offered to give him a share of the proceeds if he participated.  The Defendant accompanied Banks on a prior trip from Louisville to the area of K & R Photographics to plan the robbery.  After the robbery, the Defendant took the stolen items with him to sell.  The Defendant met with Banks later and gave him approximately $2,500.00 for participating in the robbery.  Based on comments made by the Defendant and Bennett, Banks believed that the Defendant recruited Bennett to participate in the robbery and paid Bennett a similar amount for participating in the offense.  Bennett entered a guilty plea in this matter and has likewise confirmed that he was not the one who planned the robbery or took the bulk of the proceeds.  Banks' account of the robbery has been corroborated by phone location data for his cellular phone, geofence location data connecting Bennett's

phone to the robbery, video of the robbery, and video from a nearby cruiser that confirmed the absence of a license plate on the vehicle used in the robbery.

Fortunately, the victims had medical and business insurance. The total amount of damage assessed by Liberty Mutual was $277,782.79 and they paid the victim $183,610.73, resulting in the difference of $94.172.06. The total amount of medical expenses was $154,771.97. However, the victim's medical insurance covered all but $4,515.88. Accordingly, the Court should order $98,687.94 in restitution joint and severally among the three participants in the robbery.

## II. Objections to the Presentence Report:

The Defendant has objected to the assessment of two levels for a leadership role but has not offered any evidence disputing the information provided by Adrian Banks indicating that the Defendant planned the robbery, recruited the participants, and took the bulk of the proceeds. Bennett's claim for a variance is consistent with the information provided by Banks in that it also points out that Bennett was not part of the planning of the event and was not aware of the Gholson's possession of a weapon. Banks' made a recorded video jail visit to the Defendant shortly after being contacted by the FBI to report the contact to Gholson and received instructions to contact Bennett about this event. This is also consistent with Gholson's leadership role. Accordingly, the objection should be overruled.

The remaining objections relate to the amount of the loss and restitution contained in the Presentence Report. K & R Photographics sold and rented high-end camera equipment, which lured the defendants up from Louisville to commit this robbery. The

company provided extensive documentation of the losses caused by the robbery to their insurance and eventually settled for an amount that was almost double the $95,000.00 threshold in dispute.  The defendants stole and damaged numerous items of expensive camera equipment.  Many of the stolen or damaged cameras had multiple components, each costing thousands of dollars.

The Defendant has not offered any evidence to dispute the amount of the loss to the company or the amount of medical bills inflicted on the victim due to her injuries. Accordingly, these objections should be overruled as well.  The United States asks the Court to order restitution in the amount listed in the Presentence Report.

**III. <u>Sentencing Factor Analysis</u>:**

The characteristics of the offense support a sentence well above the low end of the advisory guideline range.  The Defendant organized a small group of individuals from Louisville to rob a small business in Northern Kentucky.  The fact that he selected a target from out of town and scouted the location with Banks demonstrates a high degree of planning that is supported by the removal of the license plate on the vehicle and the use of masks and gloves in the robbery.  The Defendant was the sole individual who brandished a firearm at the victim and forced her to the ground, causing serious injuries. The group stole thousands of dollars of expensive camera equipment that the Defendant sold and used to pay the other individuals he recruited to commit the robbery.

The Defendant's personal characteristics also support a sentence above the low end of the advisory guideline range.  The Defendant's youth would be a positive factor if not for his extensive criminal history.  His personal relationships as an adult have been

characterized by threats and violence.  The Defendant has a demonstrated history of dangerous criminal conduct and lack of respect for the law as seen in his prior convictions for carjacking, assault, and numerous violations of protective orders.  He has repeatedly violated terms of conditional release.  His limited education and work experience also substantially raise the risk of recidivism.  Service of a prior prison term of multiple years did not deter the Defendant in any way from continuing to engage in serious criminal offenses.

## IV. <u>Conclusion</u>:

The statutory sentencing factors support a sentence of 115 months in prison for Count 1 and a consecutive term of 84 months in prison for Count 2 for a total term of imprisonment of 199 months.  Given the Defendant's criminal history, the Court should impose a sentence of three years of supervised release for Count 1 and a concurrent term of five years supervised release for Count 2 to run concurrently for a total term of five years supervised release.  We ask the Court to require payment of $98,687.94 in restitution.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By: s/ Anthony Bracke
Assistant United States Attorney
207 Grandview Drive, Suite 400
Ft. Mitchell, KY 41017
PHONE: 859-655-3200
Anthony.Bracke@usdoj.gov

**CERTIFICATE OF SERVICE**

On December 5, 2023, I electronically filed this document through the ECF System, which will deliver a copy of the foregoing to counsel for the Defendant.

s/ Anthony J. Bracke
Assistant United States Attorney
